IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER CLARK CASSIDY,

v.   CIVIL ACTION NO. 2:17-cv-03251

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

MEMORANDUM OPINION AND ORDER

This action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The court has reviewed *de novo* those portions of the Magistrate Judge's findings and recommendation to which the defendant objects and finds that the objections lack merit. For the reasons set forth below, the court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge [ECF No. 22]. The court **GRANTS** the plaintiff's request that this matter be remanded back to the Commissioner [ECF No. 17], **DENIES** the defendant's request to affirm the ALJ's decision [ECF No. 20], **REVERSES** the final decision of the Commissioner, **REMANDS** this matter back to the Commissioner, and **DISMISSES** this action from the court's docket.

I. **Statement of Facts**

As explained in more depth in the PF&R, Christopher Clark Cassidy, the claimant, applied for Title II benefits on July 19, 2013. Proposed Findings & Recom. 2 (PF&R") [ECF No. 22]. He alleges that he became disabled on April 12, 2012, because of "arthritis, rod and 4 screws and cage in lower back, back injury, herniated discs, bulging discs, permanent nerve damage, depression, and insomnia." *Id.* After several administrative decisions and appeals, an Administrative Law Judge ("ALJ") entered a decision denying the claimant's claims on April 19, 2017. *Id.* On June 13, 2017, the claimant timely brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). *Id.*

The claimant filed a motion requesting that the court remand the case back to the Commissioner [ECF No. 17]. The defendant filed a motion seeking judgment on the pleadings [ECF No. 20], and the claimant filed a reply [ECF No. 21]. These briefs are currently before the court. The Magistrate Judge submitted findings of fact and recommended that the court grant the plaintiff's request for judgment on the pleadings to the extent that this matter be remanded back to the Commissioner, deny the defendant's request to affirm the ALJ's decision, reverse the final decision of the Commissioner, and remand this matter back to the Commissioner. On January 5, 2017, the defendant timely filed objections to the Magistrate Judge's findings and recommendation.

## II. Standards of Review

### a. Standard of Review of PF&R

In reviewing the PF&R, the Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### b. Standard of Review of Commissioner's Decision

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A.§ 405(g) (West Supp. 1998). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the

case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III. Analysis

Here, the only objections made to the PF&R were made by the defendant. The defendant claims that the Magistrate Judge erred in concluding that remand is necessary for (1) further evaluation of Dr. Patel's February 2010 opinion, and (2) further development of the record regarding the claimant's knee impairment. Def.'s Objections to the Findings & Recom. of the U.S. Magistrate Judge 1–8 [ECF No. 23].

The Magistrate Judge found that remand is appropriate, in part, because the ALJ's valuation of Dr. Patel's opinion was not rational. On February 10, 2010, Dr. Patel released an opinion about the claimant's ability to return to work. PF&R 26. Specifically, Dr. Patel found "if he can do light duty where he can lift no more than 10 pounds and in a sedentary type position where he can sit 15 minutes and stand 15 minutes at a time, that might be an option; otherwise, I recommend he continue to stay off work." *Id.* The ALJ assigned partial weight to this opinion. *Id.* It should not

4

have, however, considered this opinion *at all* for two reasons. First, this opinion was rendered more than two years prior to the alleged onset date. Therefore, it was not probative as to the claimant's present claim.

Second, Dr. Patel's opinion directly contradicted a prior ALJ decision. In September 2009, the claimant filed an application for a period of disability and disability insurance benefits. Trial Tr. 76 [ECF No. 11-4]. On review, the ALJ found the claimant to be disabled from June 6, 2009 through June 24, 2010. *Id.* at 76–82. Yet, Dr. Patel found that the claimant was capable of performing sedentary type work on February 10, 2010. Therefore, the Magistrate Judge is correct that it was irrational for the ALJ to give any weight to Dr. Patel's February 10, 2010 opinion for the claimant's current claim, and remand is necessary so that the Commissioner can weigh the evidence without giving any weight to this opinion.

The Magistrate Judge also found that remand is necessary because "the ALJ did not satisfy her 'duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record.'" PF&R 30 (quoting *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986)). The record before the ALJ showed that the claimant sought treatment for his knees with Dr. Patel in January 2016. *Id.* at 29. At the time, Dr. Patel recommended that the claimant "see Dr. Witfield for evaluation of his knees" and noted that "he might be a candidate for arthroscopic intervention." *Id.* She further noted that the claimant "has tried conservative treatments without much relief and he is looking into disability measures which I

5

think is reasonable." *Id.* She further opined that she intended to order a repeat MRI of the claimant's lumbar spine, and get a functional capacity evaluation to determine what exactly the claimant was capable of doing. The magistrate judge correctly found that the ALJ should have explored these facts and issues in order to adequately develop the record.

## IV. Conclusion

The court **ADOPTS** and incorporates the findings and recommendation of the Magistrate Judge [ECF No. 22]. The court **GRANTS** the plaintiff's request that this matter be remanded back to the Commissioner [ECF No. 17], **DENIES** the defendant's request to affirm the ALJ's decision [ECF No. 20], **REVERSES** the final decision of the Commissioner, **REMANDS** this matter back to the Commissioner, and **DISMISSES** this action from the court's docket.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented party.

ENTER: February 26, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE